JULY TERM, 1883, No. 52.                    JANUARY 16, 1884.

## Williams *v.* Elliott *et al.*

1. The parties, having submitted their case to the decision of the court, under act of 22 April, 1874, dispensing with a trial by jury, agreed that certain facts specified should be "accepted in the trial as if duly proven, either party reserving the right to object to the admissibility of any one or more of them as evidence in the cause, and without prejudice to the right of either party to a writ of error to the Supreme Court." *Held*, that this destroyed the character of the agreement as a case stated, and required a bill of exceptions, as in other cases, to bring the case before the Supreme Court for review.

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

[Williams *v.* Elliott *et al.*]

Error to the Court of Common Pleas, No. 1, of *Phila-delphia County.*

*Assumpsit* by Mary Elliott, William J. Elliott, Catharine C. Elliott, Mary E. Elliott, and Sarah. J. Elliott, executors under the last will and testament of William Elliott, deceased, late sheriff of Philadelphia county, to the use of J. Alexander Simpson, to the use of Alexander Simpson, Jr., against J. Preston Williams.

The case was submitted to the court under the act of 22 April, 1874, the parties dispensing with a trial by jury.

The following is the statement of facts so submitted:

And now, to wit, June 12, A. D. 1882, it is agreed between counsel for plaintiffs and defendant that the following facts be accepted in the trial of the cause as if duly proven, either party reserving, however, the right to object to the admissibility of any one or more of them as evidence in this cause, and without prejudice to the right of either party to a writ of error to the Supreme Court.

*First.* That on the 12th day of March, A. D. 1849, Joseph R. Flanigen purchased the premises No. 121 South Eighteenth street, in the city of Philadelphia, and his deed therefor was duly recorded in deed book G. W. C., No. 46, page 453, &c.; the consideration therein expressed being the sum of $1 and a reserved ground-rent of $68 per annum.

*Second.* That on the 30th day of May, A. D. 1850, the said Joseph R. Flanigen mortgaged said premises to Benjamin R. Miller to secure the sum of $1,500, said mortgage being duly recorded in mortgage book G. W. C., No. 20, page 197, &c.

*Third.* That on the 11th day of June, A. D. 1850, the said Benjamin R. Miller assigned said mortgage to Benjamin M. Feltwell, who, on the 3d day of May, A. D. 1851, assigned the same to Mary Roberts.

*Fourth.* That on the 5th day of February, A. D. 1870, a *scire facias* was issued on the said mortgage by the said Mary Roberts in the old district court for the city and county of Philadelphia, as of December term, 1869, No. 2855, and judgment duly obtained thereon in the sum of $1,613 00, on the 26th day of February, A. D. 1870.

*Fifth.* That a *levari facias* was duly issued as of June term, 1870, No. 907, when, by agreement with the plaintiff therein, the arrears of interest due upon said mortgage and the sheriff's and plaintiff's costs were paid, and said writ of *levari facias* was stayed by plaintiff's attorney.

*Sixth.* That all the interest thereafter accruing upon said mortgage was paid when and as the same fell due, up to and including the six months that fell due upon the 30th day of May, A. D. 1875.

*Seventh.* That on the 10th day of January, A. D. 1876, said mortgage was assigned by Mary Roberts to J. Preston Williams, the defendant in this case, the consideration thereof being the face of said mortgage, and the interest then due thereon, to wit: from the 30th day of May, A. D. 1875.

*Eighth.* That on the 24th day of January, A. D. 1876, an *alias levari facias* was issued by the said defendant upon the judgment theretofore recovered on said mortgage, and said premises were sold by William Elliott, the then sheriff, to the said defendant, for the sum of $4,000, and his deed therefor, dated the 11th day of March, A. D. 1876, was duly recorded in sheriff's deed book, No. 44, page 164, &c.

*Ninth.* That at the settlement with the sheriff of the purchase money of said premises on the 9th day of March, A. D. 1876, the said defendant receipted to the said sheriff for the sum of $2,110 58 on account of said judgment, and $8 on account of said costs, and said sums of money formed part of the consideration money of $4,000 for the sale of said premises.   At that time but $1,500, with interest thereon from the 30th day of May, A. D. 1875, was then due, and all the said costs had been paid.

*Tenth.* That the said William Elliott departed this life on the 29th day of October, A. D. 1880, having first made and published his last will and testament, which was duly proven and registered in the register's office for the county of Philadelphia in will book, No. 99, page 301, wherein and whereby he appointed the legal plaintiffs herein to become his executors, to whom the register of wills duly granted letters testamentary.

*Eleventh.* That on the 29th day of April, A. D. 1858, a judgment was duly entered in the old district court for the city and county of Philadelphia, D. S. B. Docket of March term, 1858, No. 445, against the said Joseph R. Flanigen, in favor of J. Alexander Simpson, on a bond and warrant of attorney for $2,000, conditioned for the payment of $1,000; dated April 2, 1858, payable one year after date.

*Twelfth.* That on the 15th day of September, A. D. 1870, a *scire facias* to revive said judgment was duly issued, as of September term, 1870, No. 775, upon which

*scire facias* judgment was duly entered on the 8th day of October, A. D. 1870, in the sum of $816 20.

*Thirteenth.* That on the 29th day of November, A. D. 1873, another *scire facias* to revive said judgment was duly issued as of December term, 1873, No. 789, upon which *scire facias* the sheriff made return of *nihil habet.*

*Fourteenth.* That on the 10th day of February, A. D. 1851, the said Joseph R. Flanigen made, executed, and delivered a deed for said premises to William C. Flanigen, the consideration therein expressed being the sum of $2,000 ; said deed being duly recorded in deed book G. W. C., No. 99, page 431, &c.

*Fifteenth.* That on the 7th day of April, A. D. 1865, the said William C. Flanigen *et ux.* made, executed, and delivered a deed for said premises to Elizabeth G. Flanigen, wife of the said Joseph R. Flanigen, the consideration therein expressed being the sum of $3,000; said deed being duly recorded in deed book J. T. O., No. 168, page 304, &c.

*Sixteenth.* That on the 17th day of January, A. D. 1871, certain real estate situate in New Jersey was purchased from one Joseph E. Taylor by Mrs. Flanigen ; that the entire consideration of said purchase was a purchase money mortgage of $5,000 given by Mr. and Mrs. Flanigen ; and that as collateral security they made, executed, and delivered a mortgage of $5,000, secured upon said premises, No. 121 South Eighteenth street, which said collateral mortgage was duly recorded in mortgage book J. A. H., No. 88, page 434, &c.

*Seventeenth.* That on the 5th day of April, A. D. 1873, the said Joseph E. Taylor assigned said mortgage to George W. Baugh, trustee of the estate of Catharine Gaw, deceased, and said assignment was duly recorded in mortgage book F T. W., No. 277, page 496, &c.

*Eighteenth.* That the said defendant, J. Preston Williams, was one of the securities of the said George W. Baugh, as trustee of the estate of Catharine Gaw, deceased.

*Nineteenth.* That on the 29th day of February, A. D. 1875, the said George W. Baugh departed this life, and the defendant herein was duly appointed by the register of wills as administrator of his estate.

*Twentieth.* That on the 5th day of June, 1875, on petition, the orphans' court duly appointed the Fidelity Insurance, Trust and Safe Deposit Company trustees of

[Williams *v.* Elliott *et al.*]

the estate of Catharine Gaw, deceased, in the place and stead of the said George W. Baugh, deceased.

*Twenty-first.* That on the 27th day of September, A. D. 1875, the defendant, as administrator of the estate of the said George W. Baugh, deceased, filed the account of the said George W. Baugh as trustee, and in said account claimed credit for the investment in said mortgage of the $5,000 aforesaid.

*Twenty-second.* That on the 13th day of June, A. D. 1876, the orphans' court disallowed said credit, and surcharged the trustee with said amount, but allowed the interest upon said mortgage to be set off as against the income due the said Elizabeth G. Flanigen, who was one of the *cestui que* trusts in said trust estate. That it nowhere appears in said account that any credit is claimed on account of the receipt of any sum of money from the sheriff on account of said mortgage, nor is it mentioned in any way in the testimony taken during the pendency of said account.

*Twenty-third.* That the defendant, as security for said George W. Baugh, trustee, was compelled to pay the amount of said investment in the $5,000 mortgage, together with the other funds of said trust estate to the new trustee, and said payments were made as follows: November 3, 1876, $3,000; January 13, 1877, $6,000; and December 29, 1877, $482 30; said sums being the entire principal of said trust estate as found by the orphans' court to be due by the estate of the said George W. Baugh.

The Court below, ALLISON, P. J., filed the following decision:

"This case is submitted to the decision of the court under the act of April 22, 1874, the parties dispensing with a trial by jury.

"The statement of facts which is hereto appended has been agreed on as if the same had been duly proved, the right of either party being reserved to object to the admissibility of one or more of them as evidence in the cause. Under this reservation, the plaintiff objects to the admission as evidence of the facts set out in paragraphs, from sixteen to twenty-three inclusive.

"The objection is pressed on these several grounds. The action sounds in tort, and no set-off is allowable in actions of tort. The set-off is barred by the Statute of Limitations. The defendant has not complied with section 100 of rules of court in regard to notice of set-off.

"The defendant's answer to these several grounds of

[Williams *v.* Elliott *et al.*]

objection on the part of the plaintiff is that he has not pleaded set-off, but '*non assumpsit*,' which entitles him to give in evidence anything which shows that at the time the action was brought the plaintiff had no right to recover, citing, in support of his answer to the objection, the cases of Kennedy *v.* Ferris, 5 S. & R., 394; Gaw *v.* Wolcott, 10 State R., 43. Both of these actions were actions of *assumpsit*, the pleas *non assumpsit*. In the first, it was held that discharge as an insolvent could be given in evidence as an answer to plaintiff's right to recover; and in the second, which was an action for work and labor done, evidence of unworkmanlike and insufficient performance, it was held, could be set up to defeat a recovery by the plaintiff.

"That the matters of defense, if admissible under the pleadings, is barred by the Statute of Limitations, received no answer at the hands of the defendant.

"The action is grounded on a payment by the legal plaintiff, acting in his capacity as sheriff, to the defendant of a larger sum of money than was due to the defendant, in settlement of his purchase for $4,000, of the property mentioned in the statement of facts, which had been purchased by the defendant under a judgment on a mortgage, of which, by assignment, he had become owner. The said payment was in the form of a credit, given to the defendant in said settlement, and for which he receipted to the sheriff, in the sum of $2,110 58, on account of his judgment, and $8 on account of costs, which formed a part of the purchase money of $4,000. In the statement of facts, it is admitted that at that time there was due to the defendant no more than the sum of $1,500, the amount of the mortgage, with interest, from the 30th day of May, 1875. The settlement was completed on the 9th day of March, 1876.

"We are of the opinion that the right of the plaintiff is clear to recover back from the defendant, for himself, in his own right, or for the use plaintiff, to recover for himself, on the strength of the legal title of Elliott, the amount which, by mistake or in fraud of the rights of the sheriff, was wrongfully retained by the defendant and receipted for by him. It was not, as defendant argues, a mistake in calculation, but the credit was given on the claim made by the defendant, that the larger sum was due to him, instead of a smaller amount, and that this fact was, or ought to have been, within the knowledge of the defendant, at the time, is fairly to be inferred.

"If it needed authority to support the right of the

[Williams *v*. Elliott *et al*.]

plaintiff to recover in this action, the case of McDonald *v*. Todd, 1 Grant, 17, is in point.

"That the defendant's attorney, in making claim for a credit on account of the $4,000, of $2,110 58, and $8 costs, instead of the sum of $1,500, with interest from 30th of May, 1875, acted in ignorance of the fact that his demand exceeded so largely the amount actually due, is wholly immaterial. That he acted in good faith, no one who knows him will doubt; and this, also, he asserts, under the solemnity of his oath; but his client, the defendant, knew that more interest was claimed on his $1,500 mortgage than he was entitled to claim a credit for, and that in the settlement he gained an advantage, by withholding information from his attorney, which he had no right to take to himself, and this places the case squarely on the ground of fraud, so far as the defendant is concerned.

"This conclusion renders inapplicable any defense which may be supposed to grow out of the facts contained in items of the agreement, from 16 to 23 inclusive, and requires that the objection to their admission as evidence in the cause should be sustained; the facts, therefore, on which the case is to be determined, are those embraced in paragraphs from 1 to 15 inclusive.

"This conclusion requires us also to sustain the objection to the admission in evidence of the $5,000 mortgage of Joseph R. Flanigen and wife to Joseph E. Taylor, and also the assignment of said mortgage by Taylor to George W. Baugh.

"We think the objection to the admission of the proposed defense, that it is barred by the statute, is also well taken. The settlement with the sheriff was on the 9th of March, 1876, and pleas claiming set-off or defense under the plea of '*non assumpsit*,' were not filed until the 5th of April, 1882.

"And now, December 27, 1882, it is ordered that judgment be entered in favor of the plaintiffs, in the sum of $548 50, with interest from the 9th day of March, 1876, making together the sum of $761 33."

Defendant's counsel thereupon filed eight exceptions to the finding of the court, which were dismissed.

There was no bill of exceptions taken to the finding of the court.

Defendant took out a writ of error, and assigned as error the dismissal of the said exceptions.

*W. P. Fender* and *E. K. Nichols* for plaintiff in error.

[Williams v. Elliott et al.]

There was no evidence of fraud, and it will not be presumed : Kerr on Frauds, 42 ; Lutton v. Hesson, 18 Penna., 109 ; Bear's Est., 60 *Id*., 430 ; Commonwealth v. R. R., 74 *Id*., 94 ; Shoemaker v. Kunkel, 5 Watts, 107. It was a clear mistake, which cannot be made the basis of fraud : McElfatrick v. Hicks, 21 Penna., 402.

There was no question as to whether the claim under the second mortgage was in time or not under the Statute of Limitations, but an effort to show that 'it was a just claim in existence at the time, and fully entitled to an award of the surplus fund. In an action between the creditor of the husband and the wife's mortgagee, the presumption of law is that the property belongs to the wife, and the burden of proof is upon the plaintiff to show that the mortgagee either had notice or knowledge of the husband's equity : Lyon's Appeal, 4 W. N. C., 349 ; Wightman's Appeal, 5 Casey, 280 ; Keichline v. Keichline, 4 P. F. Sm., 75 ; Sweetser v. Atterburg, 39 Leg. Int., 421 ; Hildebrand v. Bowman, 12 W. N. C., 241.

The Court was wrong in excluding Joseph R. Flanigen as a witness, on the ground of interest, because he had signed a bond in the hands of defendant below, of which there was no evidence : Miller on Competency of Witnesses, 21, 23 ; Bennett v. Hethington, 16 S. & R., 195.

*Alexander Simpson, Jr.*, for defendants in error.

This court can hear and determine only questions of law arising upon bills of exceptions relating to the evidence or the law of the case : Jamison v. Collins, 2 Norris, 359 ; Lee v. Keys, 7 Norris, 175 ; Commonwealth v. R. R. Co., 40 Leg. Int., 405. Where a case is submitted to the court without a jury, its findings of fact are conclusive and not assignable for error : Kerr v. Ames, 39 Leg. Int., 392.

The court below has not presumed fraud, but has found it as a fact : Kerr v. Ames, *supra*.

Defendants in error can recover back the over-payment : McDonald v. Todd, 1 Grant, 17. If it were a question of mistake of fact, the payment could be recovered back.

The judgment is not conclusive of anything happening since it was entered : Borland's Appeal, 16 P. F. Sm., 470 ; Gray's Appeal, 10 W. N. C., 458.

The action sounded in tort, and no set-off is allowed in such cases : Hunt v. Gilmore, 9 P. F. Sm., 452 ; Moyer v. Loeb, 3 W. N. C., 95 ; Waterman on Set Off, 170 ; Barbour on Set Off, 105 ; Montagu on Set Off, 18 ; Bab-

[Wilson's Appeal.]

bington on Set Off, 8; Statute of Defalcation, Purd. Dig., 487.

The title to the $5,000 was in the trust estate, and plaintiff in error could have no right under it. '

The set-off is barred by the Statute of Limitations: Alexander *v.* Leckey, 9 Barr, 120. Defendants in error can recover on the legal title of the sheriff: Montgomery *v.* Cook, 6 Watts, 238; Armstrong *v.* Lancaster, 5 Watts, 68.

The law presumes that as against creditors the property belongs to the husband: McGeary's Appeal, 22 P. F. Sm., 365; Husbands, Married Women, 89. The title being once in the husband was enough to put mortgagee upon inquiry: Husbands, Married Women, sec. 90. There is nothing on record to show that Flanigen was called as a witness.

JANUARY 28TH, 1884.—PER CURIAM: As there is no bill of exceptions in this case, we cannot review the errors assigned. While it was agreed that certain facts specified should be accepted in the trial, as if duly proven, without prejudice to either party to take a writ of error, yet each party reserved the right to object to the admissibility of any one or more of them as evidence in the cause. This destroyed the character of the agreement as a case stated, and required proper exceptions, as in other cases, to bring the case before us for review. The judge ruled that eight of the separate facts stated were inapplicable or inadmissible, and excluded them from his consideration in the conclusion at which he arrived, yet he was not asked to seal any bill of exceptions.

Judgment affirmed.